# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM DWAYNE YOUNG,**

      **Plaintiff,**

-vs-                                    Case No. 6:00-cv-1654-Orl-22KRS

**CITY OF PALM BAY, FLORIDA, PAUL RUMBLEY, in his official capacity, and DANTE CRISTOFARO, in his individual capacity,**

      **Defendants.**

## ORDER[1]

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT, CITY OF PALM BAY'S EX PARTE MOTION FOR BREAK ORDER (Doc. No. 165)
>
> **FILED:** July 11, 2005
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant City of Palm Bay, Florida (the City) seeks an Order from this Court authorizing the United States Marshals Service to break into Plaintiff William Dwayne Young's garage for the

---

[1] Although the motion is captioned as "ex parte," it was filed in the public record and served by electronic delivery upon counsel for the plaintiff. Because the motion was served on counsel for the plaintiff, this order should likewise be served on all parties.

purpose of seizing a Harley-Davidson motorcycle owned by Young to satisfy the costs taxed against him in this case. Doc. Nos. 143 & 144.

Fed. R Civ. P. 69 provides that the process to enforce a judgment is a writ of execution, which appears to be a necessary preliminary step before the Court can consider issuance of a break order. Although counsel for the City represents that a writ of execution has been docketed with the United States Marshals Service, the Court has not issued such a writ and no writ has been delivered to the United States Marshals Service.

**DONE** and **ORDERED** in Orlando, Florida on July 12, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Marshals Service
Counsel of Record
Unrepresented Parties